```
                UNITED STATES BANKRUPTCY COURT
             MIDDLE DISTRICT OF NORTH CAROLINA
                      GREENSBORO DIVISION
```

IN RE:                                  )
                                        )
Phonesavanh Chanthaleukay               )
and Phoovieng Om Chanthaleukay,         )   Case No. 09-11796C-13G
                                        )
          Debtors.                      )
                                        )

<u>MEMORANDUM OPINION</u>

This case came before the court on December 14, 2009, for a hearing on whether the Chapter 13 plan proposed by the Debtors should be confirmed. Charles E. Neill, III appeared on behalf of the Debtors and Anita Jo Kinlaw Troxler appeared as Chapter 13 Trustee. Having considered the proposed plan, the evidence offered at the hearing, matters of record before the court and the arguments of counsel, the court makes the following findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure which is made applicable in this contested matter by Rules 9014 and 7052 of the Federal Rules of Bankruptcy Procedure.

FACTS

This is the type of case that is sometimes referred to as a Chapter 20 case in that it is a Chapter 13 case that was commenced after a previous Chapter 7 filing by the Debtors. Debtors' Chapter 7 case was commenced on June 12, 2009. This Chapter 13 case was commenced on September 23, 2009, while Debtors' Chapter 7 was still pending.

In the Chapter 7 case, the Debtors were below median income debtors and there was no presumption of abuse. When the Chapter 7 case was commenced, the Debtors had unsecured indebtedness of $67,330.81, most of which was either credit card or in-store indebtedness on credit cards issued by retailers. The Debtors owned residential real property that was valued at $110,000.00 in the schedules, with a deed of trust securing indebtedness listed at $118,820.00. The Debtors listed combined monthly income of $3,982.15 and monthly expenses of $3,887.38. Their expenses included a house payment of $1,082.14 and two car payments totaling $840.00. Their secured debt consisted of the deed of trust on the residence, two car loans and purchase money indebtedness of $2,520.00 owed to Carlyle and Co. for jewelry listed at a value of $2,500.00. There were no non-exempt assets and no dividend was paid to unsecured creditors in the Chapter 7 case. The Debtors received a discharge on September 17, 2009, and the case was closed on October 21, 2009.

This Chapter 13 case was filed approximately a month before the Chapter 7 case was closed. The schedules of assets and liabilities were the same in the Chapter 13 filing except that no unsecured debt was listed, the Carlyle debt was not listed in the Chapter 13 case (it apparently was paid by the Debtors during the Chapter 7 case) and the Debtors did not include the house payment and car payments in their expenses since these debts were to be

paid by the Trustee under the Chapter 13 plan. The monthly expenses thus were listed at $1,965.24, which, when subtracted from Debtors' combined income of $3,982.18, left monthly net income of $2,016.91. The plan payment proposed by the Debtors is $1,600.00, increasing to $1,700.00 per month in February of 2010. If the plan is confirmed, this means that the Debtors will be retaining income of $316.91 per month since there are no unsecured creditors left to be paid in this case, the unsecured debt having been discharged in the Chapter 7 case.

## ANALYSIS

Under section 1325(a), except as provided in section 1325(b), the court is required to confirm a Chapter 13 plan that satisfies the requirements set forth in section 1325(a)(1) through (9). Section 1325(a)(3) sets forth a requirement that a plan be proposed in good faith and not by any means forbidden by law. Debtors have the burden of proving by a preponderance of the evidence that a plan meets the requirements of section 1325(a), including the good faith requirement of section 1325(a)(3). In re Harrison, 203 B.R. 253, 255 (Bankr. E.D. Va. 1996). For the reasons that follow, the court has concluded that the Debtors in this case have not shown that their plan was filed in good faith and therefore are not entitled to obtain confirmation of their plan.

In determining whether a proposed plan meets the good faith standard of section 1325(a)(3), "the totality of the circumstances

- 3 -

must be examined on a case-by-case basis." <u>Deans v. O'Donnell</u>, 692 F.2d 968, 972 (4th Cir. 1982). A non-exclusive list of factors to be considered in assessing good faith was developed by the Court of Appeals in <u>Deans</u> and <u>Neufeld v. Freeman</u>, 794 F.2d 149 (4th Cir. 1986).

The <u>Deans</u> and <u>Neufeld</u> cases did not involve a Chapter 20 situation and the opinions in those cases do not address good faith in that context. It is clear, however, that a debtor is not precluded from obtaining Chapter 13 relief solely as a result of a previous Chapter 7 filing. <u>See</u> <u>Johnson v. Home State Bank</u>, 501 U.S. 78, 87, 111 S.Ct. 2150, 115 L.Ed.2d 66 (1991)("Congress did not intend categorically to foreclose the benefit of Chapter 13 reorganization to a debtor who previously has filed for Chapter 7 relief."). The Chapter 20 process, however, does raise additional good faith concerns. A debtor who goes through the Chapter 20 process can potentially obtain the benefits of both Chapter 7 and Chapter 13 while circumventing limitations included in those chapters of the Bankruptcy Code. <u>See</u> <u>Downey Savings and Loan Ass'n v. Metz (In re Metz)</u>, 67 B.R. 462, 465 (9th Cir. BAP), aff'd, 820 F.2d 1495 (9th Cir. 1987). Thus, while chapter 20's are not prohibited <u>per se</u>, "such cases are not favored and must be closely scrutinized." <u>In re Cushman</u>, 217 B.R. 470, 476 (Bankr. E.D. Va. 1998).

The need for such scrutiny has led to the formulation of the

following additional factors to be considered in determining whether a Chapter 13 plan proposed in a Chapter 20 scenario satisfies the section 1325(a)(3) good faith requirement: (1) the proximity in time of the Chapter 13 filing to the Chapter 7 filing; (2) whether the debtor has experienced some change in circumstances between the filings that suggests a second filing was appropriate and that the debtor will be able to comply with the terms of a Chapter 13 plan; (3) whether the two filings accomplish a result that is not permitted in either chapter standing alone; and (4) whether the two filings treat creditors in a fundamentally fair and equitable manner or whether they are rather an attempt to manipulate the bankruptcy system or are an abuse of the purpose and spirit of the Bankruptcy Code. Cushman, 217 B.R. at 477. See also In re Bridges, 326 B.R. 345 (Bankr. D.S.C. 2005); In re Taylor, 261 B.R. 877 (Bankr. E.D. Va. 2001); In re Waters, 227 B.R. 784 (Bankr. W.D. Va. 1998).

The court need not look beyond the foregoing factors in order to conclude that the Debtors did not submit their plan in good faith. All four of the factors discussed in Cushman weigh against a finding of good faith. There was no interval between the two cases. Within a week after receiving a discharge in the Chapter 7 case, and even before that case could be closed, the Debtors commenced this Chapter 13 case. Neither the schedules in the Chapter 13 case nor the evidence at the confirmation hearing

reflected that there was any material change in Debtors' circumstances before the Chapter 13 case was filed. Debtors' Schedules I and J reflected the same income and expenses when the Chapter 13 petition was filed as when the Chapter 7 petition was filed three months earlier. In fact, the only significant difference when the Chapter 13 case was commenced was that the $67,330.81 of unsecured debt that was listed in the Chapter 7 case, having been discharged, did not appear in the Chapter 13 case.

If Debtors' plan were confirmed, the two filings would accomplish a result that is not permitted in either chapter standing alone. In the Chapter 13 case, the Debtors are curing an arrearage and retaining their residential real estate. Obviously, this is not something that could be accomplished in the Chapter 7 case since there is no right to cure under Chapter 7. In the Chapter 7 case, the Debtors discharged all of their unsecured debt and in the Chapter 13 case are proposing to pay no dividend to unsecured creditors since none now exist. If the unsecured debt had not been discharged, a zero percent plan would be contrary to section 1325(b) and not permissible under Chapter 13, since the record reflects the Debtors have disposable income of some $316.00 per month after payment of their monthly expenses and the proposed plan payment of $1,700.00 per month. Based upon Debtors' own schedules, it appears that under a 36 month plan the Debtors have the ability to pay $11,376.00 to unsecured creditors which would

yield a dividend of approximately 17%.

In <u>Cushman</u>, the court warned against the type of manipulation involved in this case:

> For example, assuming that the debtor has property with little or only modest equity, he or she can discharge all unsecured debt while utilizing any available exemptions to exempt any equity in the property. Then once the debtor files under chapter 13, he or she can obtain the benefits of the so-called "super-discharge" provided for by § 1328(a), remain in control of property of the estate, reorganize secured debt in default, and sidestep the requirement imposed under § 1325(b) that the debtor either pay all unsecured creditors in full, or contribute all disposable income to the plan for at lease 36 months. [citations omitted] In effect, the chapter 20 then becomes a chapter 13 which provides a 0% dividend to unsecured creditors. Such a tactic nullifies the purpose and incentive underlying chapter 13, which is to encourage the meaningful payment of unsecured debt by rewarding the debtor with the super-discharge and the ability to remain in control of property of the estate.

<u>Cushman</u>, 217 B.R. at 476-77.

Although the "super-discharge" in Chapter 13 is not as "super" as it was prior to BAPCPA, the foregoing observations by the court in <u>Cushman</u> nonetheless remain sound and are apropos in this case. Confirmation of the proposed plan would allow the Debtors to manipulate the system so as to obtain the benefits of Chapter 13 while retaining substantial disposable income that should be paid to unsecured creditors by a debtor receiving the benefits of Chapter 13. Such treatment is neither fair nor equitable to creditors and would result in an abuse of the purpose and spirit of the bankruptcy process. Accordingly, confirmation of Debtors' plan shall be denied as not having been proposed in good faith. An

order so providing shall be entered contemporaneously with the filing of this memorandum opinion.

This **7th** day of January, 2010.

                                              _____
                                              WILLIAM L. STOCKS
                                              United States Bankruptcy Judge

PARTIES IN INTEREST

Charles E. Neill, III, Esq.
5411-F W. Friendly Avenue
Greensboro, NC 27410

Phonesavanh and Phoovieng Om Chanthaleukay
3989 Pelham Drive
Greensboro, NC 27406

Anita Jo Troxler, Trustee